**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROY LOVIN, | ) | CASE NO.   1:20-cv-02330 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff's counsel, Rachel C. Wilson, has filed a Petition for Attorney Fees pursuant to 42 U.S.C. § 406(b) requesting $11,000.00 for work performed on this case before this court. (R. 23). The Acting Commissioner of Social Security filed a response indicating she neither supports nor opposes counsel's request for attorney's fees. (R. 24).

**I. Standard for 406(b) Fees**

An attorney representing a social security disability claimant under a contingency-fee agreement can receive attorney fees in two ways under 42 U.S.C. § 406. The first set of fees may be earned in connection with proceedings *before* the Social Security Administration (SSA). *See* 42 U.S.C. § 406(a)(1). The second set of fees may be earned in connection with representing the claimant in federal court. *See* 42 U.S.C. § 406(b)(1). With regard to the latter, § 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits, as follows:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq.*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 118602, 2011 WL 4891025 at * 1 (S.D. Ohio Sept. 21, 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*)).

## II. Application to Current Request

Plaintiff executed a contingency fee agreement with counsel dated November 6, 2020, assigning 25 percent of past due benefits to counsel.[1] (R. 23-2, Page ID# 1073). After an initial

---

[1] While contingency fee arrangements capped at 25 percent are not *per se* reasonable, *see, e.g.*, *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; *accord Bailey v. Comm'r of Soc. Sec.*, 2012 WL 641538 at * 1 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.").

rejection of Plaintiff's claim by SSA and subsequent remand by the District Court which reversed the decision of the Commissioner, an ALJ awarded Plaintiff $143,454.00 in past due benefits, with twenty-five percent of that amount, or $35,863.50, withheld to pay counsel under the fee agreement. (R. 23-3, PageID# 1076). Counsel represents that she performed a total of 15 hours of work before this Court on behalf of Plaintiff. (R. 23, PageID# 1054). Counsel has requested $11,000.00, which translates into a hypothetical hourly rate of $733.33 for the attorney services. *Id*. The requested $11,000.00 is below the 25 percent of past due benefits that was withheld in the benefits award and was agreed to in the fee contract.

As noted by Judge Helmick in *Buck v. Commissioner of Social Security*, 2022 WL 4104333 (N.D. Ohio Sept. 8, 2022), recent cases from within this district establish that the typical reasonable hourly rate for non-contingent social security legal representation is around $350/hour. *Id*., at *2 (collecting cases). Moreover, as observed in *Hayes* and *Bailey*, cited earlier, a hypothetical hourly rate that is less than twice the standard or typical rate is *per se* reasonable. Indeed, Judge Pearson recognized that the standard non-contingent rate of $350 per hour charged by another recognized social security attorney in this district was both the appropriate starting point for assessing reasonableness of a 406(b) fee request and also produces a reasonable fee when doubled. *Bullock v. Comm'r of Social Security*, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (citing cases). Therefore, accepting $350 as the reasonable hourly rate in this area, doubling this figure renders a request of approximately $700 per hour for 406(b) fees reasonable under *typical* circumstances.[2]

In the case at bar, counsel's request exceeds the doubled typical hourly rate of $700.

---

[2] In cases where counsel expends more hours than typically expended in a social security appeal, the doubled hourly rate of $700 per hour may be deemed excessive.

Nevertheless, counsel expended only 15 hours in this matter, a figure that is significantly lower than this Court typically sees. As such, counsel's efficient representation in this matter renders the request for $11,000 in attorneys' fees reasonable despite the fact that it somewhat exceeds the hypothetical hourly rate typically awarded by this Court.[3] The Court is reluctant to effectively penalize an attorney for efficient representation, expending only fifteen hours on this matter. In addition, the total amount requested for 406(b) fees in this case is far less than 25 percent of Plaintiff's past due benefits. Moreover, Plaintiff is represented by a very experienced counsel who has successfully represented social security claimants in federal litigation for many years. Therefore, under the facts and circumstances of this case, the Court finds the request does not constitute a windfall and is hereby approved.

Finally, on May 13, 2022, this Court previously awarded Plaintiff attorney fees and costs in the total amount of $2,980.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (R. 22). As acknowledged in Plaintiff's counsel's Motion, Plaintiff is entitled to a refund for the amount of EAJA fees he formerly assigned to counsel. (R. 23, PageID# 1054). Counsel may not obtain double recovery under both the EAJA and § 406(b). To that end, the Supreme Court in *Gisbrecht* noted that "[while] [f]ee awards may be made under both prescriptions, … the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citations omitted); *accord Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804, 2011 WL 3438431 at * 8 (S.D. Ohio, Aug. 5, 2011) (citing *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)). Accordingly, Plaintiff's counsel must refund the full amount of the EAJA

---

[3] This decision should *not* be cited as authority for approving a hypothetical hourly rate in excess of $350 (doubled to $700) in 406(b) fee petitions. This decision does not intend to set any precedent, and the award herein is premised on the significant cost-savings that benefited Plaintiff based on the uncharacteristically low number of hours expended by counsel.

award—$2,980.50—to Plaintiff upon receipt of the fee awarded here under section 406(b).

### III. Conclusion

For the reasons set forth above, this Court approves counsel's request for attorney fees in the amount of $11,000.00 from Plaintiff's past due benefits. Further, as set forth herein, Plaintiff's counsel must transfer or refund any EAJA award received, for work in this case, to Plaintiff.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: August 1, 2024